U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 1 4 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH G. SHERRICK** | : | DOCKET NO. 2:07-cv-2118 |
| | | SEC. P |
| VS. | : | JUDGE MINALDI |
| C PAUL PHELPS CORRECTIONAL CENTER, ET AL. | : | MAGISTRATE JUDGE KAY |

## ORDER

*Pro se* plaintiff Joseph G. Sherrick filed a petition alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983 on December 3, 2007. Doc. 1. On May 21, 2008, plaintiff has filed a motion requesting to be transferred from Phelps Correctional Center to "Lake Charles Parish Prison." Doc. 6.

Section 1983 authorizes a "suit in equity, or other proper proceeding for redress," against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S. Ct. 2117, 2122, 158 L. Ed. 2d 924 (2004). "[C]onstitutional claims that . . . challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, . . . may be brought pursuant to § 1983." *Id.*

Where a prisoner brings a § 1983 claim requesting injunctive relief:

> The Prison Litigation Reform Act of 1995 . . . imposes limits on the scope and duration of preliminary and permanent injunctive relief, including a requirement that, before issuing such relief, "[a]

1

> court shall give substantial weight to any adverse impact on . . . the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1); accord, § 3626(a)(2). It requires that inmates exhaust available state administrative remedies before bringing a § 1983 action challenging the conditions of their confinement. 110 Stat. 1321-71, 42 U.S.C. § 1997e(a) ( "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). The Act mandates that a district court "shall," on its own motion, dismiss "any action brought with respect to prison conditions under section 1983 of this title ... if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." § 1997e(c)(1). Indeed, if the claim is frivolous on its face, a district court may dismiss the suit before the plaintiff has exhausted his state remedies. § 1997e(c)(2).

*Id.* at 650, 124 S. Ct. at 2126, 158 L. Ed. 2d 924.

Complaints which are filed *in forma pauperis* are also subject to review under 28 U.S.C. §1915(e)(2) and may be dismissed at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages against a defendant who is immune from such relief.

In the instant case, the court noted on July 1, 2008 that plaintiff's complaint contained certain deficiencies that prevent the court from making its initial review and ordered that he amend his petition. Doc. 9. On July 23, 2008, plaintiff responded to the court's order. Doc. 10.

The Pro Se Office has not concluded its review of plaintiff's response to determine whether he is entitled to any relief or to a response from defendant. The Pro Se Office reports that it is taking appropriate action in this regard. Until the Pro Se Office and this court complete an initial review, the court will not consider the relief that plaintiff requests.

Accordingly,

IT IS ORDERED that plaintiff's Motion to Transfer to Another Facility [Doc. 6] be and

is hereby DENIED as untimely. Plaintiff may re-urge his Motion if the court determines after an initial review that his case should not be dismissed.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on October 14, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE