RECEIVED
IN LAKE CHARLES, LA
FEB 25 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| JOSEPH G. SHERRICK | CIVIL ACTION NO. 07-2118 |
| VERSUS | SECTION "P" |
| C. PAUL PHELPS CORRECTIONAL CENTER AND SGT. C. MILLER | JUDGE MINALDI<br>MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a civil rights action filed *in forma pauperis* on December 3, 2007, by *pro se* plaintiff Joseph Sherrick pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana. Plaintiff names the correctional center and its employee, Sgt. C. Miller, as defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff's original complaint and a May 23, 2008 supplement lacked specific information to support his allegations that his constitutional rights had been violated by the named defendants. Docs. 1, 7. Thus, this court issued a memorandum order [Doc. 9], directing plaintiff to amend his complaint and cure the noted deficiencies. Among other things, plaintiff was advised that his complaints failed to set forth a cause of action for verbal abuse or harassment/retaliation; and that he failed to allege and meet the physical injury requirement set forth in § 1997e(e). He was instructed that he needed to plead specific facts to comply with the provisions of Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff filed a response on July 23, 2008. Doc. 10. He also filed attachments to the response on October 1, 2008. Doc. 11. Combining the information from the various documents

filed by plaintiff in this matter gives the court sufficient details on the allegations made herein. Specifically, he states that in October 2007, Sgt. Miller began to harass him by stating that Miller did not like white people and calling plaintiff "white trash, white trailer trash," and other names. Plaintiff also states that upon leaving the bakery in November 2007, the inmates were "shook down" and when Sgt. Miller got to him, Miller grabbed the back of plaintiff's pants and lifted him off the ground causing his pants to go in the crack of his buttocks. Sgt. Miller then said that's how plaintiff should wear his pants. Plaintiff states that this incident caused him to feel violated, stressed, and afraid to talk to anyone. According to plaintiff, Sgt. Miller was switched to another shift after plaintiff filed the present suit.

In regard to his retaliation claims, plaintiff states that after filing this suit, he was put in extended lock-down for smoking marijuana. He is not claiming that he was put in lock-down due to filing suit but rather that while in lock-down he was given bogus write-ups and denied the opportunity to present evidence and witnesses to contest them. In fact, he states that "the retaliation started after my stupidity got me put in the cellblock and after I filed an A.R.P.[1] on Msgt. Deshotel for refusing my legal mail out." Doc. 10. Plaintiff filed the referenced ARP on March 12, 2008. On March 18, 2008, a disciplinary report was filed on plaintiff for aggravated disobedience. The report states that Msgt. Deshotel and another officer were making rounds and saw that plaintiff had the head of his mattress rolled up against the wall. He was told several times to unroll the mattress and move it away from the wall before he actually complied with the orders. It was noted on the report that plaintiff already had two Schedule B violations since January 2008. He was sentenced to five days of what appears to be disciplinary detention and the forfeiture of 30 days of good time

---

[1] In regard to the ARP, plaintiff states that he "was forced to drop it after being threatened to lose more good time which ended up happening any way." Doc. 10.

2

credit. However, the sentence for the good time forfeiture was suspended for 90 days.

Thereafter, on March 23, 2008, another disciplinary report was issued against plaintiff. In the report, Sgt. Johnson stated that he heard loud talking coming from the upper tier and asked plaintiff about the noise. Johnson stated that plaintiff then loudly called him a racist. As a result, plaintiff was found guilty of defiance, and the suspended sentence (forfeiture of 30 days of good time credit) from the March 18, 2008 disciplinary report was imposed. It was also noted on the report that plaintiff had a total of 6 Schedule B violations since 2007.

Plaintiff was sentenced to the forfeiture of more good time credit as a result of an incident that occurred on April 29, 2008. Specifically, the disciplinary report from that date states that during a property search of plaintiff's cell, Sgt. Burnett found a piece of contraband that had been hidden and sharpened. After being found guilty of this offense, plaintiff was sentenced to the forfeiture of 180 days of good time credit.

As relief for the alleged violations, plaintiff seeks monetary damages for mental, physical, and emotional anguish; protection from retaliation; investigation of the facility, and a transfer from CPP.[2]

## Law and Analysis

**Frivolity Review**

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[2] Plaintiff was put on notice that he does not have a protected liberty interest in being incarcerated in any particular prison facility. *See Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976) (explaining that in the absence of an appropriate state regulation a prisoner has no liberty interest in residence in one prison or another).

3

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias*, 23 F.3d at 97. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the following reasons, that the complaint should be denied and dismissed with prejudice as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

**Verbal Taunts and Pants Incident**

Plaintiff's claims in regard to the alleged verbal taunts made by Sgt. Miller are not actionable

4

under § 1983. Specifically, the Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)). The "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir.1995) (internal quotation omitted).

Further, 42 U.S.C. § 1997e(e) provides, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "'physical injury' required by § 1997e(e) 'must be more than *de minimus*, but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (quoting *Siglar*, 112 F.3d at 193). Plaintiff has not alleged any physical injury resulting from his alleged "taunting" claims nor from his claims regarding the above discussed "pants" incident, and his claims in regard to those actions should be dismissed.

**Retaliation Claim and *Heck v. Humphrey* Considerations**

Plaintiff alleges (and the attachments support) that he lost good time credit as a result of the prison disciplinary proceedings at CPP. The Supreme Court has held that a plaintiff in a 42 U.S.C. § 1983 action may not recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). The Supreme Court has extended *Heck* to prison disciplinary proceedings like the one in question here,

concluding that claims for damages and declaratory relief that necessarily imply the invalidity of the punishment imposed in a disciplinary conviction are not cognizable in a 42 U.S.C. §1983 proceeding. *See Edwards v. Balisok*, 520 U.S. 641, 646-48, 117 S. Ct. 1584, 1588-89, 137 L. Ed. 2d 906 (1997).

Plaintiff's assertion that the prison disciplinary actions in question are unconstitutional, if credited, would necessarily imply that his conviction and sentence for the disciplinary case were invalid. Because he has not shown that the disciplinary case has been overturned, he cannot maintain a 42 U.S.C. § 1983 action against the defendants for damages. *Edwards*, 520 U.S. at 648, 117 S. Ct. at 1588-89, 137 L. Ed. 2d 906; *Heck*, 512 U.S. at 486-87, 114 S. Ct. at 2372, 129 L. Ed. 2d 383. In short, his claim is not cognizable under § 1983 without a prior showing of favorable termination – that the results of the disciplinary hearing have been overturned, either on administrative appeal, through *habeas*, or by some other means. Plaintiff's claims in this regard lack an arguable basis in law and are frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C.§ 1915(e)(2).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal

conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED, in Chambers, at Lake Charles, Louisiana, on February 25, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE